UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| VICTOR GLENN, | ) |
|            Plaintiff, | ) |
| v. | ) No. 2:22-cv-00030-JMS-MG |
| FRANK VANIHEL, | ) |
| KEVIN GILMORE, | ) |
| FISHER, | ) |
| RUSSELL, | ) |
| WABASH VALLEY CORRECTIONAL FACILITY, | ) |
| FLU OFFICERS, | ) |
|            Defendants. | ) |

**ORDER SCREENING AND DISMISSING AMENDED COMPLAINT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Victor Glenn, an Indiana Department of Correction (IDOC) inmate at Wabash Valley Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. The Court screened and dismissed his original complaint for failure to state a claim upon which relief may be granted, but the Court did not dismiss this action at that time. *See* dkt. 15. Rather, the Court permitted Mr. Glenn an opportunity to show cause why this action should not be dismissed. *Id.* at 3-4. On June 22, 2022, Mr. Glenn timely filed an amended complaint, which the Court now screens pursuant to 28 U.S.C. § 1915A(a).

**I. Screening Standard**

When screening an amended complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to

1

dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, an amended complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Glenn names as defendants Warden Frank Vanihel, Deputy Warden Kevin Gilmore, and IDOC Commissioner, Robert E. Carter, Jr. Dkt. 17. Mr. Glenn recites many of the same allegations in his original complaint regarding an incident on March 31, 2020, where he and his cellmate had an altercation. *Id.* at 2. Mr. Glenn was removed from the cell and taken to segregation, while his cellmate was allowed to stay in the cell and pack up Mr. Glenn's property. *Id.* During this process, his cellmate destroyed several items in Mr. Glenn's property including four obituaries, pictures of Mr. Glenn's family, his television, and his headphones. *Id.* at 2-9. Mr. Glenn alleges that his Fourteenth Amendment due process rights were violated because he has "a right to protect [his] property and a due process [right] to take people to court over [his] property." *Id.* at 2. Mr. Glenn alleges that he requested video footage of the incident, but the warden and officers denied these requests. *Id.* at 3. Mr. Glenn states that the facility has a policy about property and what is supposed to happen to an inmate's property when the inmate is taken to segregation. *Id.* at 5.

Mr. Glenn seeks monetary damages and states he has suffered mental and emotional distress due to the incident. *Id.* at 4, 8. He claims it was cruel and unusual punishment for him to

be taken to segregation while his cellmate was allowed to pack and destroy his property. *Id.* at 8-9.

### III. Discussion

Mr. Glenn's amended complaint fares no better than his original complaint, as his allegations relate to the deprivation or destruction of his personal property—claims that the Court has already explained to him are not cognizable claims under 42 U.S.C. § 1983.

To state a claim under the due process clause of the Fourteenth Amendment, Mr. Glenn must establish a deprivation of liberty or property without due process of law, but if the state provides an adequate avenue for a remedy, there is no civil rights violation. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). "[A]n intentional deprivation of a prisoner's property does not violate the Due Process Clause if adequate state post-deprivation remedies are available." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (citing *Hudson*, 468 U.S. at 533); *see also Gable v. City of Chi.*, 296 F.3d 531, 539-40 (7th Cir. 2002). As the Court reiterates from its prior screening, the Indiana Tort Claims Act provides for state and judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act and no more due process was due."). Because Mr. Glenn has an adequate state law remedy, the alleged deprivation or destruction of his property was not a constitutional violation, and thus, his Fourteenth Amendment claims are dismissed for failure to state a claim upon which relief may be granted.

Further, to the extent that Mr. Glenn states that the defendants failed to follow policy regarding his property when he was placed in segregation, failure to follow any established protocol or guideline, by itself, is not enough to implicate a constitutional violation. *See, e.g., Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of . . . departmental regulation . . . practices[.]") (internal quotation omitted); *Waubanascum v. Shawano Cnty.*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provides a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liablity."). Any such claims are dismissed for failure to state a claim.

And finally, to the extent that Mr. Glenn raises issues regarding his placement in segregation after the altercation with his inmate, he also fails to state a claim. Prisoners do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary. *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995); *Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015). A liberty interest is implicated only if the sanction creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. "Whether a liberty interest is implicated by disciplinary segregation depends on about the time and conditions of confinement . . . ." *Beamon v. Pollard*, 711 F. App'x 794, 795 (7th Cir. 2018). Mr. Glenn makes no allegations about the length of time he was in segregation or the conditions that he experienced there. Thus, any such claims regarding his placement in segregation, are dismissed for failure to state a claim.

The Court notes that Mr. Glenn's prayer for relief includes monetary damages for emotional distress. Dkt. 17 at 13. But, the Court does not have original jurisdiction over such claim because it does not arise under federal law, *see* 28 U.S.C. § 1331 (giving district courts original jurisdiction

4

over all civil actions arising under the Constitution, laws, or treaties of the United States) and because this is not an action between citizens of difference states, *see* 28 U.S.C. § 1332 (giving district courts original jurisdiction over cases with diversity of citizenship and where the amount in controversy exceeds $75,000). Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any such state-law claims. However, because the Court has dismissed all the claims over which it has original jurisdiction—that is, Mr. Glenn's § 1983 claims—it declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) (the district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction). Accordingly, any state-law claims are dismissed without prejudice.

### IV. Dismissal of Amended Complaint

For a complaint to survive dismissal, it must include "plausible" allegations. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The amended complaint, like Mr. Glenn's original complaint, fails to state a claim upon which relief may be granted.

The Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015)). However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* at 347 (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "An amendment is futile if the amended complaint

would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007).

Mr. Glenn was given an opportunity to file an amended complaint, and his recent pleading also fails to state sufficient claims against defendants. Based on its analysis of the claims raised in his amended complaint, above, and the Court's first screening order at docket 15, the Court finds that further opportunities to amend would be futile.

Accordingly, **this action is dismissed**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/2/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

VICTOR GLENN
953500
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838